# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCPLINE OF
EDWARD E. VARGAS, BAR NO. 8702

No. 80665

**FILED**

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Edward E. Vargas. Under the agreement, Vargas admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), RPC 3.2 (expediting litigation), and RPC 3.4 (fairness to opposing party and counsel). Under the agreement, Vargas agreed to a six-month-and-one-day suspension, with all but the first three months stayed for two years, subject to certain conditions. He also agreed to the payment of costs.

Vargas has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that he violated the above-listed rules by knowingly entering into a contingency fee agreement that did not include required language; failing to properly communicate with his client about the status of the client's case; failing to respond to motions filed by opposing counsel, leading to the case being adjudicated against his client; and failing to appear at multiple hearings.

20-18615

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on the duties Vargas violated, and because he acted knowingly and his conduct resulted in actual or potential injury to his client and the profession, the baseline sanction before factoring aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2018) (providing that suspension is generally appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"). The record supports the panel's findings of four aggravating circumstances (prior disciplinary offenses, pattern of misconduct, multiple offenses, and substantial experience in the practice of law), and four mitigating circumstances (absence of dishonest or selfish motive, full and free disclosure to disciplinary authority/cooperative attitude, physical disability, and remorse). Considering the factors outlined in *Lerner*, we conclude that the recommended discipline is appropriate and serves the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, courts, and the legal profession, not to punish the attorney).

Accordingly, commencing from the date of this order, we hereby suspend attorney Edward E. Vargas from the practice of law in Nevada for a period of six months and one day with all but the first three months stayed for a period of two years. During the two-year probationary period, Vargas must (1) not have any new grievances filed against him arising out of conduct post-dating the conditional guilty plea agreement that results in a letter of reprimand or greater discipline; and (2) obtain a "practice of law mentor" who must submit quarterly reports to the State Bar and with whom Vargas must meet at least monthly for guidance on his legal practice. Additionally, Vargas must pay the costs of the disciplinary proceeding, including $2,500 under SCR 120 within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, J.
Gibbons

_____, J.   _____, J.
Stiglich         Silver

cc: Edward E. Vargas
   Chair, Southern Nevada Disciplinary Board
   Bar Counsel, State of Nevada
   Executive Director, State Bar of Nevada
   Admissions Office, U.S. Supreme Court